United States District Court
Southern District of Texas
**ENTERED**
October 14, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT　　SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Troy Williams, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-22-1697 |
| | § | |
| American Services, LLC, | § | |
| | § | |
| Defendant. | § | |

# Order on Transfer

Defendant American Services, LLC has moved to transfer this litigation to the Northern District of Mississippi, Oxford Division, and the plaintiff contests this motion. For the reasons explained below, this motion succeeds. (10) (13)

1. *Applicable Legal Standard for Venue and Transfer*

Generally, venue in civil actions is determined pursuant to 28 U.S.C. § 1391(b). For Title VII claims, however, suit may be brought in: (1) any judicial district in the State in which the unlawful employment practice is alleged to have been committed, (2) in the judicial district in which the employment records relevant to such practice are maintained and administered, or (3) in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice.[1]

A court may transfer any civil action "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it

---

[1] 42 U.S.C. § 2000e-5(f)(3). *See also In re Horseshoe Ent.*, 337 F.3d 429, 432–33 (5th Cir. 2003).

1

might have been brought."[2]

This Circuit has articulated that the first inquiry in a motion to transfer is whether the transferee district is one in which the claim could have been filed.[3] If so, the inquiry then turns to considerations of "the convenience of parties and witnesses" and "the interest of justice," which look to a number of private and public interest factors, none of which are dispositive.[4] The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.[5] The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.[6]

In assessing these factors, the movant has the burden to show that the transferee venue is "clearly more convenient."[7] Absent such a showing, the plaintiff's choice of venue will prevail. The plaintiff's choice is not itself a factor, but rather corresponds to the burden that the movant must meet.[8]

---

[2] 28 U.S.C. § 1404(a).

[3] *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*In re Volkswagen II*").

[8] *Id.* at 314, n.10.

2. *Analysis*

Neither Troy Williams nor American Services disputes that the Southern District of Texas or the intended transferee court, the Northern District of Mississippi, Oxford Division, would be a proper venue. The present dispute is on whether the transferee forum is a clearly more convenient form.

### A. *Private Interest Factors*

Assessing first the private concerns, the Court agrees with the plaintiff that while most of the relevant discovery in this litigation is in Mississippi, technological advances make document production much less burdensome when it comes to access to evidence. Despite these advances, however, this first factor is still "a meaningful factor in the analysis" that is not rendered superfluous, and is still afforded weight in this Circuit, even if that weight is lessened by the ease of electronic discovery.[9] This factor favors transfer.

With respect to compulsory process, federal courts have authority to compel non-party witnesses to attend trials, hearings, and depositions conducted within 100 miles of where the person resides, is employed, or regularly transacts business in person.[10] While the plaintiff correctly notes that some of the witnesses are party witnesses, there appears to be multiple non-party witnesses who fall within the subpoena power of the Northern District of Mississippi, Oxford Division, compared to only one, Coby Leggett, who falls within the subpoena power of the Southern District of Texas, Houston division. This consideration counsels in favor of transfer.

The third consideration is the cost of attendance for willing witnesses, and this factor overwhelmingly favors transfer. Virtually every potential witness discussed in this litigation lives in either northern Mississippi (where the transferee court sits) or southwestern Tennessee, which is in very close geographic proximity to northern Mississippi. The only relevant individuals who

---

[9] *Id.* at 316.

[10] FED. R. CIV. P. 45(c)(1)(A).

3

do not reside in northern Mississippi or southwestern Tennessee appear to be Coby Leggett and the plaintiff himself, Troy Williams. While Leggett resides close to Houston, the plaintiff has since moved to Vancouver, Washington. From Washington, travel to Oxford, Mississippi appears to be nominally more inconvenient, if at all, than travel to Houston. Because attendance would be significantly cheaper and more efficient for almost all witnesses, and only one of the two that does not clearly benefit from transfer can convincingly make a case that the transferor court would be more cost-efficient, this consideration weighs in strong favor of transfer.

The final private consideration, the "catch-all," considers all other practical problems which make trial easy, expeditious, and inexpensive. The parties don't appear to raise other distinct practical problems with respect to this litigation, so this factor is neutral. However, if the defense does file a counterclaim as it has indicated it will, consolidation appears much more appropriate in the transferee court.[11] To the extent that a counter-claim would likely necessarily be litigated in the transferee court, this consideration favors transfer.

B. *Public Interest Factors*

Neither party contends that the first public interest factor, the administrative difficulties flowing from court congestion, is anything but neutral, and this Court has no indication of any noteworthy distinction between the two courts on this factor. With respect to the fourth factor, neither party has raised any conflict of laws issues, and none are readily apparent to this Court.

As for the second factor of interest in having localized interests decided at home, the plaintiff's point is well-taken that the defendant has an office in

---

[11] The Court does not purport to make a venue determination for a currently hypothetical counter-claim, and does not say that venue for the counter-claim would be appropriate or preferable in Mississippi; however, based on the forum-selection clause of the written agreement that the defense claims would be at issue in the counter-claim, there appears to be a good chance that the counter-claim would need to be brought in Mississippi.

Houston, and therefore its citizens would have an interest in its compliance with employment laws. Accepting this point, however, then by the same reasoning, Mississippi has an even greater interest in deciding this case. American Services, while it has an office in Houston, is headquartered in Mississippi. Not only so, but the contract was entered into in Mississippi, and its influence and the reputation of most witnesses in this litigation are likely much more at stake there. This factor favors transfer.

Finally, the third factor considers the familiarity of the forum with the law that will govern the case the parties dispute. Whether Mississippi law applies is disputed, as the defendant asserts that Mississippi law applies, while the plaintiff denies such application without offering its view of what law is applicable. Finding resolution of the dispute as to applicable contract law inappropriate at the motion to transfer stage, the Court treats this factor as neutral.

3.  *Conclusion*

In considering the various public and private interest factors for transfer of venue, the Court finds that each of the private factors weighs in favor of transfer, including the third factor of cost, which heavily supports transfer. The relevant public factors are each either neutral or also weighs in favor of transfer. In totality, the considerations reveal that the transferee venue is "clearly more convenient,"[12] so this case is transferred to the Northern District of Mississippi, Oxford Division.

Signed on October 13, 2022, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[12] *Volkswagen II*, 545 F.3d at 315.